is our first case and we'll call that at this time. I expect to hear first from Charlotte Nall. May it please the court, I'm Charlotte Nall with Clothier Law representing Ahmed Dige, the appellant. I'd like to reserve five minutes for my co-counsel Susan Clothier to do the First, the factual basis the appellant admitted to in the plea does not support the elements of the predicate offense alleged in the indictment, which invalidates the plea. Second, there is absolutely no evidence in the record that appellant had noticed that the government had to prove the elements of the predicate offense in order to convict. Therefore, the appellant's plea is involuntary. First, the factual conduct appellant admitted to is not sufficient. He was charged with a violation under 18 U.S.C. 2422b, which is an enticement offense. To convict, there has to be a predicate offense, namely any sexual activity for which any person can be charged with a criminal offense. Here, that was production of child pornography, a specific intent offense. In Magee, a case cited by the government, this court specifically cautioned that there must be a causal connection between the solicitation and the actual production under 2251a. Now, I'd like to draw your attention to the factual stipulation in the record. The factual stipulation states that the first video was sent August 8, 2018 on page 62 of the record, but not as a result of a solicitation to produce a video, and again, she sent a video. On page 63, on September 8, 2018, the factual stipulation states that the appellant sent KB a text message requesting she create a video and send it to her, and notably, she did not do that. Then on September 28, 2018, three weeks later, he asked her to send another video according to the factual stipulations. Not create, not produce, but send. The words the government... Certain things that were requested for the video. Pardon? Certain language depictions, things like that, that were specifically requested. Correct? On September 28, it says, baby, please do the video, and daddy's horny, is what he sent her. Right, but he had previously sent more detailed requests, and she did use those detailed requests in what she said in the video. Not verbatim, but I'm trying to talk about this without talking explicitly in the courtroom. Yes, it may have been similar language, but it doesn't state that she newly created the... Pardon? Yeah, I thought that was really something to imply, that she just had this sitting around with the similar language, and it wasn't because he asked for that, that she just keeps a library of these videos, and happens to use the language that he specifically requested. That was kind of an interesting argument about the minor victim, wasn't it? Yes, but it is common nowadays for minors to do these types of things, so she could have already had the video. There's no evidence in the record that she already had a video that had the language he wished, and depicted the body parts that he requested, correct? Correct, but there's also no evidence that this was newly created, and the government has the burden of proof, and that the factual stipulation has to meet the plea of guilt. The fact that he requested it with this particular language, and voila, it has the particular language, why isn't that a reasonable inference? I just, it was three weeks later, and the factual stipulation says that he requested her to send another video of herself, so that to me states that it is another... He hadn't gotten the first, he hadn't gotten the second requested thing, so he's following up on it. I disagree respectfully. Educate me, educate us. So under the production of child pornography, it has, they have to, it's a specific intent to produce. Okay, but it is producing a video, you don't mean it needed to be like marketed, and boxed up. No, no, no, I need it, I mean that it needs to be newly created. If he's directing it by saying, I want to tap this, and that, and the other, and I want you to send it to me, that is, that would be production, right? If that happened. If that happened, if it had his name on it, or something specifically relevant to him, she sent it to him, but that's a whole different language in it that he requested. Yes, but it is kind, it's language that could be in any sexual video. Okay, can you, let's, can we talk a little bit about the law, would that be okay? For just a minute, do you agree that plain error applies? Yes. Do you have a case in the Fifth Circuit that has held under, that met so that prong one, you know, that we get to prong one, and you know, we usually don't, or in prong two, we don't usually, I don't, in fact, our case law is to the contrary, that if there is not a case on point, we normally would not find plain error. Right. And so, what case do you have on plain error, that would help you support plain error here? So, there's no specific Fifth Circuit case that, regarding this fact, but it is plain, because this is a unique situation where the government is, under the indictment, limiting themselves to prove production of child pornography. So, do we have any case law that says, in a unique situation, you don't have to have an act? Well, however, I mean, it's a, it's plain error, because it's, the Constitution, in the Constitution, he needs to be aware of the nature of his offense, which is my second argument, and he wasn't aware here, this production of child pornography is a specific intent offense, and he was never, the record is completely devoid of. Right, but we're, I'm talking about, do you have a case on point that says that you need to prove the predicate, and you say you do not, and if you don't have a case on point that says you need to prove the predicate, how can you establish both prongs one and prong two under our plain error case law, which says you must ordinarily have a case on point, and, and I don't know if any particular exception to that would apply. Would, would it be okay if I submitted a post-submission letter? If you're talking about... Judge Dennis is the presiding judge, whether you can submit post letters. Okay. Yes, you may. You may, he said. Okay, because there is, I'm sure I can find a case about a predicate offense in general not regarding 2251 in this particular case. Okay, well then that's great for you to submit a post letter, then, since Judge Dennis has said you can, and you've asked to do it. Then my next question has to do with, doesn't our case law actually suggest to the contrary that it is necessary to establish the elements of 2251A for a conviction under 2422B? Am I wrong on the numbers? No, I, which case are you referring to? United States v. Hubbard 480 F3rd 341 5th Circuit 2007. Rejecting the notion that Congress intended to import the elements of the offenses delineated in sections of Chapter 109A into 2252AB1 to define the state convictions that would cause the minimum sentence to apply. It's not directly on point, but that it would, tends to reject the pleaded to in that way, all the elements of them. Okay, the appellant still has the right to know the nature of the offense against him, and the government chose to put this particular statute as the essential element, the illegal sexual activity which is required under 2422B. I'd like to understand your argument on that point, so I, for my purposes, so I can understand why there was any error at all. So the enticing statute is 18 U.S.C. 2244B, right? So I've got that in front of me, and it says whoever, etc., etc., etc., entices any individual who has not can be charged with a criminal offense or attempts to do so has violated the statute. So walk me through your argument that what, what, what is, what in 18 U.S.C. 2251A, which you say is the predicate offense, that's the predicate offense that the government identified, in other words, that is the any sexual activity for which any person can be charged. Right. So 18 U.S.C. 2251, what in 18 U.S.C. 2251A is lacking in this case? Why do you say it's error for, where's the disconnect between 2244B and 2251A here? What's the problem? So as I pointed out that there's a lack of causal connection between the solicitation and the production of the video, and then. Well, point, what, what in 2251A, what in the statute, what words can you point me to that show the, what you think is the error here? Oh, the, well, first of all, the, it's a specific intent offense for the purpose of. I know that, but, but any person who entices any minor to engage in with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. Right. Or for the purpose of transmitting a live visual depiction of such conduct. So the, for the purpose of makes it a specific intent crime. For the purpose of producing, you say that the facts here don't support the idea that this conduct was engaged in for the purpose of producing. Correct. Okay. Why do you say that? What just, I'm, I know I'm asking a basic question. I just want to understand your argument. I mean, according to the factual stipulation, it was, it was a receipt or, um, I mean, there's no, there's no, um, specific intent that she create a video and he didn't, there's, according to the factual stipulation, he just received the video. Okay. He didn't, he didn't, uh, according to the factual stipulation, he didn't copy it, he didn't download it, he didn't, um, there's specific language in the statute. Um. Okay. Let me, let's assume that from a factual point of view, you're right, that the facts here just don't permit that inference. Um, the legal question that Judge Elrod is asking about is why should 2244B have to elements of 2251A? Now, we said we don't have a 2251A, right? Right. Um, we, we, you said there's no case clearly on point in the Fifth Circuit. Can you point to a case from another circuit that instructs us that that's how we have to read this statute, 2244B and. To incorporate 20. Well, to incorporate 2251A or any other sexual activity crime. Right. Um, so actually the government cited Jockish in their brief, and in a, um, note 11, it specifically says, um. What's the case? Uh, United States versus Jockish, 857F3D1122, and then it's on page 1133, note 11. 1133, note 11, okay. In that case, uh, they had multiple statutes in the indictment that could have met that illegal sexual activity in 2422B, and the, um, the court specifically said that, um, they were allowed to do that because if they had just alleged the single statute, then, um, then they would have had to provide the burden of proof. Okay, is that, is that the only case you have, or do you have other cases? I'm, um. The reason I'm asking is because you've conceded that plain error applies, so I have to understand just whether there's an error. Right. And how plain is it, right? Right, but if it's violating his constitutional rights, then it is. Plain error review applies to review of constitutional error. Um, but it's a, it's a clear and obvious error that the factual basis does not. Well, I mean, it becomes clear and obvious depending upon what courts have said about it. Okay. Right? Correct. This is just a, a unique specific situation, but I'm sure there's cases out there where the factual basis doesn't meet the requirements for the offense, and that is a plain and obvious error, as well as not notifying him of the required mens rea, um, for the offense. Your Honor. Well, so you've read the 28J decision from the Ninth Circuit, Judge Bea's decision. You disagree with that reading of 2244A? I'm out of time. May I answer, Judge? May I answer, Judge Dennis? Yes, you may. Okay. So, first of all, it's a Ninth Circuit case, um, which, uh, is the most overturned, turn, overturned court of appeals. Um, second, when there is a split in the circuits, the Fifth Circuit rarely agrees with the Ninth Circuit, but regardless, the analysis . . . That may or may not be true. I'm not sure how that's relevant. The, um, just, just to say it's not binding on this court. The court doesn't have to agree with that analysis. Well, sure, but so is the decision that supports you also is binding on us. Um, correct. So . . . I mean, he, well, the reason I ask is because, Judge Bea, I was just reading the decision. He engages in a pretty close textual reading of 2244B, and I was interested in whether you agreed with it or not. So, we disagree, but, uh . . . On what basis? Because the govern . . . the, the analysis that the majority uses completely skips over of, um, whether when the government alleges a predicate, whether they have to meet that burden of proof. It just, it just talks about whether there's a, there has to be a predicate. I got it, but, but he talks about just that the wording of this statute is a little bit different from other predicate offense statutes, like RICO. Correct. But when the government decides to put it in the indictment, then it has to follow through and provide. Okay. All right. Thank you. Thank you, Your Honors. May it please the Court. Loretta Berry for the United States. Seven circuits have rejected Deej's plain error argument that specific intent to commit uncharged sexual activity, which in this case was production of child pornography, must be an element of the enticement offense. Only one circuit, and that is the Seventh Circuit in Maneva, supports the position advanced today by Deej. However, that's no longer on solid ground anymore in the Seventh Circuit after the Berg case, because two years after Maneva, Berg specifically held that in order to uphold, in order to establish an enticement offense, the only intent that was required is the intent to entice, the intent to persuade the minor to engage in some sexual activity that any person could be charged with a criminal offense. Do you agree with Judge Bea's textual analysis in, I forget, sorry, I forget. Lopez, Your Honor. Yeah, Lopez. Yes, I absolutely do, and here's why. First of all, Lopez really dug down deep and dissected the text of the statute, which is where this Court has always recognized with statutory interpretation, we must begin. The Court there recognized that Congress separated out criminal liability with the statute, such that the first part of 2422B starts with whomever, which modifies knowingly entices, which is the defendant. Then the second part of the statute states any sexual activity for which any person, which is not tied to the defendant. So it's not written like a RICO statute is written, as Your Honor mentioned, where it states whomever commits a crime of violence. Other circuits, such as Jockett, which actually supports the United States position, it's an Eleventh Circuit case, the Hart case from the Sixth Circuit, held that the uncharged  This falls in line with this Court's holding in Howard, in Barlow, in Broussard, that the intent of Congress in the enticement statute was to punish the defendant's intent to entice, not the intent to commit, to consummate any sexual act. The consummation of the sexual act appears in other statutes that Congress drafted, such as 2251A itself, which this defendant was not charged with. He was only charged with enticement. Ms. Nall says, yeah, but the government chose to make this 2251A a predicate offense. What's your response to that? Well, Your Honor, the government still must prove that the activity is criminal under some law. That's the element that we have to prove, and we tracked that in the indictment. But the government's not required to identify the specific predicate in the indictment, because that's not an element. It's a means. And in this case, at page one of the factual stipulation, the government did identify the predicate for Deej. He agreed that the facts supported the production of child pornography during rearrangement. So while the specific predicate need not be identified with specificity in the indictment, the government still must prove that this uncharged conduct is criminal under some state or federal law, which we did in the indictment. 2427 alerted him that this is going to be, the predicate offense will be a federal offense, because 2427 alerts Deej that the conduct includes production of child pornography. Furthermore, he pled guilty, as I mentioned, under the factual stipulation, which set out all the elements of 2422B and also alerted him to production. Was this handled the way it would normally be handled, or was there some error, or this is contrary to policy, or is this the way it's normally charged with the means and normally proven up? And is there any deviation from the? I believe the, I did ask the prosecutor what the reason was for not charging production, because I believe that there's certainly enough information there to have sustained that conviction. But the prosecutor stated that because of his low criminal history, the decision was made to charge him with a lesser offense, which enticement only carries a 10-year minimum versus the production, which carries a 15-year minimum. The second count was? Receipt, which was dismissed. Yes, Your Honor. With respect to the only case today that Deej has cited, the McGee case, that's not on because that prosecution was a 2251A prosecution, production of child pornography. We do not have that in this case. We only have enticement, which again, the majority of circuits have held that Congress made a clear choice with 2422B to punish the intent to entice, not the intent to consummate any sexual act. Just assuming that some of the circuits have done that on, not on plain error review, but just on preserved error? Yes, Your Honor. I can't recall at the moment. That's all right. I thought the most recent one was a plain error case. It is, Your Honor. Lopez is. Yes, it is, Your Honor. If the court should decide to go to the third prong on the production issue, there's ample evidence that supports production in this case. The factual stipulation to which he pleaded guilty specifically states that he asked, Deej asked the 13-year-old as she turned 14, partly when she was 13, to send him specific videos of body parts. And while she's to do that, she is to say certain phrases. And in the factual stipulation, and I quote, it says, she did so at his request and he thanked her. The sequence is that she made these videos at his request and she complied and he thanked her. That's record 61 to 63. So the idea would be, if you had to prove that as part of 2254B, which you don't agree with, if you did, you're saying those facts would be sufficient to show intent that such minor engage in sexual explicit conduct for the purpose of producing any visual video? Yes, but as you. But you don't think you have to do that? No, I definitely don't. You think that if we're just proving this case, the government would have to prove, in your view, knowingly enticing a person. Correct. Consistent with circuit law, the Howard case, Barlow and Broussard, and then the majority of the case law. So because the weight of the authority supports the United States position, Deej cannot establish clear and obvious error with his interpretation of 2422B. The indictment in this case alleged all of the requisite elements of 2422B. The, there's an ample factual basis to support the enticement. For eight months, he asked her for videos with particular language, and she did so at his request. The, there is no clear and obvious error in the factual stipulations or in the indictment that would support clear and obvious error. If there's no further questions, I respectfully request that the judgment be affirmed. Thank you. Thank you. All right, well, we'll hear from Ms. Clutcher. Ms. Clutcher. It's close. My name's Susan Clothier. I represent the appellant, and if it pleases the court, I'd speak up. Okay. I'd like to start just with addressing Lopez briefly. I believe that the court, in the majority opinion, did miss the mark slightly in this case. They do a very in-depth analysis of the statute, 2422, and they do find in this that the language does not set out a requirement that the government prove a specific predicate offense. But then they don't address the fact that in this case, the government did actually indict on a specific predicate offense. So what I believe, and we agree with the dissenting opinion in this case, you know, here in our case, the government could have chosen to do what a lot of cases that deal with 2422 do, and that is that they give a variety of various conduct and sexual, illegal sexual conduct that could become a predicate offense and let a jury or any of it could support the finding of guilt. In this case, they picked one specific predicate offense, and it was the one specific statute, and that specific statute was required then. This circuit does have precedent that if an indictment includes a statute that's indicted against a defendant, they have to prove the elements of that offense. What case is that? I don't have, if you wouldn't mind, I can add that to the, Judge Dennis, if you wouldn't mind if I add to the, our post-submission letter, the case on point. But I do know, I have seen them.  But we do contend that the fact that the indictment included the requirement for that specific statute as a predicate, they chose to do that, that that would require notice, which was not had. The record was devoid of any notice that the defendant knew that the government was required to prove those elements. That in itself is enough to set aside the guilty plea. Number two, the language of the factual stipulation, it's as if it was a jury verdict. The government could have chosen any language that they wanted to put in there that they, that the defendant was willing to agree to. It specifically stated only on one instance that the defendant enticed or tried to get the alleged victim to produce. When you look at the jury pattern charge 2.4 that has to do with 2251A, it defines persuaded, induced, enticed, coerced, those are the words that the jury pattern would require in order for it to fall under 2251A, that in the specific intent that would be required. In the actual factual findings, it said he asked or he requested. That is not the same thing as enticed or coerced. The language in the text message isn't relevant here. What's the difference between requesting and enticing? I think the actual language was asked. What's the difference between asking and enticing? I believe asking for to send was the words that they use in the facts. So it was not asking to create. It was asking to send. I believe that the distinction there is the create and the send. So send could mean you already have it and you can send me something you already have. Create means create something new. And in McGee, this court did caution the importance of that this, that whatever is being sent is newly created and it's not been created sometime in the past. The case doesn't address, you know, the current statute 2422. It does address 2251. Can you address the questions that we talked about with your colleague in prong three, which is what we're talking about now? He said, I want this certain stuff. Yes. And then she delivered that certain stuff. So why isn't it a reasonable inference that it was created for him? Because it's not generic. I believe that we can't really at this point make inferences. If it were a jury verdict, we were now analyzing that we can because it was a plea. The government wrote out the factual stipulation as this is the facts. The inferences have not, have already been made and the facts have been decided. And when they said he asked her to send, what he asked her to send is not as important as the fact that he was specifically asked her to send. Well, it's really relevant that he asked her to send something that she would have to make. That's if, do you mind if I continue asking, just answer that quick question, Judge Ennis? I can just answer. Um, we, we cannot assume from the record though, that she didn't already have created the video because the first video she sent without solicitation at all. So we don't know from the record and the fact that the factual stipulation specifically says that he asked her to send. We cannot make an assumption because that those facts were admitted to you. And that's all he admitted to in the plea, except for the one request to create, which he did not respond to. That's all I have. I'm out of time. Thank you.